FILED
HARRISBURG, PA

FEB 17 2021

PER_____

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:21-CR-028 |
| | : | |
| v. | : | (JUDGE JONES ) |
| | : | |
| **JEREMY BRASHEAR**, | : | |
| | : | |
| Defendant. | : | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT 1
### (Receipt of Images Containing the Sexual Exploitation Children)

In or about August and September, 2020, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

## JEREMY BRASHEAR,

knowingly received any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

It is further alleged that the conduct alleged above occurred subsequent to defendant Brashear's April 15, 2014 federal conviction for Possession of Material Constituting or Containing Child Pornography,

in violation of Title 18, United States Code, Section 2252, in the United States District Court for the Middle District of Pennsylvania, docket number 4:11-CR-00062.

All in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT 2
(Possession of Images Containing
the Sexual Exploitation Children)

On or about September 2, 2020, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

## JEREMY BRASHEAR,

did knowingly possess child pornography involving a prepubescent minors who had not attained 12 years of age, as defined in Title 18, United States Code, Section 2256(8)(A), which had been shipped and transported in and affecting interstate and foreign commerce, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer.

2

It is further alleged that the conduct alleged above occurred subsequent to defendant Brashear's April 15, 2014 federal conviction for Possession of Material Constituting or Containing Child Pornography, in violation of Title 18, United States Code, Section 2252, in the United States District Court for the Middle District of Pennsylvania, docket number 4:11-CR-00062.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(1).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT 3
(Obscene Visual Representations of
the Sexual Exploitation Children)

On or about September 2, 2020, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**JEREMY BRASHEAR,**

did knowingly possess a visual depiction of any kind, including a drawing cartoon, sculpture, and painting that depicts a minor engaging in sexually explicit conduct and is obscene, and such depiction was transported in interstate commerce.

3

It is further alleged that the conduct alleged above occurred subsequent to defendant Brashear's April 15, 2014 federal conviction for Possession of Material Constituting or Containing Child Pornography, in violation of Title 18, United States Code, Section 2252, in the United States District Court for the Middle District of Pennsylvania, docket number 4:11-CR-00062.

All in violation of Title 18, United States Code, Sections 1466A(b) and 2252A(b)(2).

## NOTICE OF FORFEITURE

The allegations contained in Counts 1 and 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 2253(a)(2) & (a)(3).

Upon conviction of any offense in violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (a)(5)(B) & (b)(1), the defendant,

### JEREMY BRASHEAR,

shall forfeit to the United States:

> a. any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book,

4

magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s);

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s), or any property traceable to such property.

The property to be forfeited to the United States includes, but is not limited to the following:

a. Amazon Fire HD Generation 8 tablet bearing S/N G0W0T9059116F08T and

b. Motorola cell phone model: moto e6 (XT2005DL).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the

Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which

cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 2253(b) and Title

28, United States Code, Section 2461(c).

A TRUE BILL

BRUCE D. BRANDLER
Acting United States Attorney

███████████████████████

Foreperson

DARYL F. BLOOM
Assistant United States Attorney

02/17/2021

Date

6