IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:21-CR-00028 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| JEREMY BRASHEAR | : | (Filed Electronically) |

## SENTENCING MEMORANDUM

AND NOW, comes the Defendant, Jeremy Brashear, by his attorney, Heidi R. Freese, Esquire, Federal Public Defender for the Middle District of Pennsylvania, and files this Sentencing Memorandum in advance of Mr. Brashear's sentencing on February 13, 2024.

## I.      BACKGROUND

On September 13, 2023, Mr. Brashear pled guilty to Count 2 of the indictment pursuant to a binding Rule 11(c)(1)(C) plea agreement (Doc. 64). Pursuant to the terms of the plea agreement, the parties agreed to recommend a sentence of 10 years imprisonment, 5 years of supervised release, a $100 fine, and $100 special assessment.  The parties also agreed that Mr. Brashear's anticipated sentence on the supervised release violation docketed at 4:11-cr-62 run concurrently to the sentence for the instant offense.

Within the plea agreement, Mr. Brashear agreed to allow the court to determine appropriate restitution based on 18 U.S.C. § 2259 if there were identifiable victims of child pornography in the subject images. (Doc. 64, ¶22). Further, in the event the Court did not find him indigent, Mr. Brashear agreed to pay a $5,000 special assessment pursuant to 18 U.S.C. § 3014(a). (Doc. 64, ¶9).

Because Mr. Brashear is indigent and will remain so, and because the only identifiable victim has not requested restitution (PSR ¶¶15, 88), Mr. Brashear respectfully requests that the Court decline to impose the $5,000 special assessment or any restitution in this case.

## II.   RESTITUTION

As Paragraph 15 of the PSR reflects, the Child Victim Identification Program from the National Center for Missing and Exploited Children identified one series of child pornography images that portray a known victim in this case. The PSR does not state the name of the victim but does reflect that the victim was notified. (PSR ¶ 15). No victim impact statement was provided and no request for restitution has been made. (PSR ¶¶ 15, 88).

The restitution scheme set forth in 18 U.S.C. § 2259 requires that the victim be identified and the Court to determine the amount of the victim's losses "that reflects the defendant's relative role in the causal process that underlies the victim's losses." 18 U.S.C. § 2259(2)(A)-(B). In Mr. Brashear's case, this process

has not been undertaken because the "identifiable" victim has not submitted an impact statement or request for restitution. As such, Mr. Brashear respectfully requests that the Court decline to order restitution in this matter.

## III.  SPECIAL ASSESSMENT

Congress enacted Section 3014 of Title 18 as part of the Justice for Victims Trafficking Act. *See* Pub. L. No. 114-22, § 101, 129 Stat. 227, 228-30. The assessments are placed in a fund for the Attorney General to use for grants or to enhance victim programming. *See* 18 U.S.C. § 3014(e)(1). Section 3014(a) requires a court to impose the $5,000 assessment if two conditions are met: (1) conviction of a qualifying offense; and (2) the defendant is non-indigent. *See United States v. Johnman*, 948 F.3d 612, 618 (3d Cir. 2020). But when a defendant is indigent, a court cannot impose the assessment. *See United States v. Fowler*, 956 F.3d 431, 438 (6th Cir. 2020). Mr. Brashear admits that his conviction is for a qualifying offense, but requests that the Court decline to impose an assessment in his case because he is and will remain indigent.

Mr. Brashear has been incarcerated relative to the instant offenses since October of 2020. (PSR ¶59). His work history as reflected in the PSR demonstrates that he has a limited and sporadic work history and that he has no income, assets or debts. According to Equifax, he has no credit history. (PSR ¶¶60-65). Given that Mr. Brashear was incarcerated from 2010 to 2018 and that he

has generally lived a transient lifestyle, his lack of assets and credit is unsurprising. And because of Mr. Brashear's indigency, he has twice qualified for the services of the federal public defender.

While Mr. Brashear may be employed during his time at the Bureau of Prisons, his wages will be paltry – a mere 12 to 40 cents per hour.[1]   And since Mr. Brashear has no family to supplement his commissary, his wages (if any) will be all he has to purchase necessary items in prison. Finally, Mr. Brashear's status as a Tier 1 sex offender under Megan's Law will certainly impede his prospects for gainful employment upon his eventual release from incarceration.

Subjecting an indigent individual like Mr. Brashear with already-diminished financial outlook to the $5,000 special assessment will set him up to fail.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Brashear is and will remain indigent, and respectfully requests that the Court decline to impose the $5,000 special

---

[1] *See*  BOP: Work Programs.

assessment.  Mr. Brashear also requests that the Court decline to impose any restitution in this matter.

Respectfully submitted,

Date:  February 5, 2024

*/s/ Heidi R. Freese*
HEIDI R. FREESE, ESQUIRE
Federal Public Defender
Attorney ID# PA87668
100 Chestnut Street, 3rd Fl.
Harrisburg, PA  17101
Tel. No. 717-782-2237
Fax No. 717-782-3881
*heidi_freese@fd.org*
*Attorney for Jeremy Brashear*

# CERTIFICATE OF SERVICE

I, Heidi R. Freese, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Sentencing Memorandum**, via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

CHRISTIAN T. HAUGSBY, ESQUIRE
United States Attorney's Office
*christian.haugsby@usdoj.gov*

JEREMY BRASHEAR

Respectfully submitted,

Date:  February 5, 2024

*/s/ Heidi R. Freese*
HEIDI R. FREESE, ESQUIRE
Federal Public Defender
Attorney ID# PA87668
100 Chestnut Street, 3rd Fl.
Harrisburg, PA  17101
Tel. No. 717-782-2237
Fax No. 717-782-3881
*heidi_freese@fd.org*
*Attorney for Jeremy Brashear*